IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN HARRIS,

    Plaintiff,

v.                                        CIVIL ACTION NO.:

CITY OF FORT WALTON BEACH

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, Jonathan Harris, (hereinafter referred to as the "Plaintiff" or "Harris"), by and through his undersigned attorney, sues the Defendant, City of Fort Walton Beach, Florida (hereinafter referred to as the "Defendant" or "CFWB"), and alleges as follows:

INTRODUCTION

    1.    Plaintiff brings this action for disability and gender discrimination under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq., and* the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

JURISDICTION AND VENUE

    2.    The jurisdiction of the Court over this controversy is invoked pursuant

1

to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201917223) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201900230) on December 11, 2018, and more than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received after March 17, 2020.

PARTIES

7. Plaintiff is a Caucasian male who resides in Fort Walton Beach, Florida. He was employed by Defendant from February 7, 2017, until his constructive discharge on December 1, 2018.

8. Defendant, City of Fort Walton Beach, Florida, is a municipality located Northwest Florida, which employs more than 50 employees and is an employer within the meaning of ADA, ADAA, FCRA and Title VII.

FACTS

9. Plaintiff is a 34 year old Caucasian male.

10. Plaintiff was employed by the City of Fort Walton Beach, Florida on or about February 7, 2017, as a patrol officer.

11. Plaintiff performed the duties and responsibilities of this position in a more than satisfactory manner.

12. On July 2018, Plaintiff suffered an injury to his back.

13. On July 30, 2018, Plaintiff underwent back surgery.

14. Plaintiff returned to work on August 6, 2018.

15. When Plaintiff returned to work after the surgery he was under light duty restrictions.

16. Defendant had knowledge of Plaintiff's disability, back injury and corrective surgery, when he informed Defendant of his disability on or before July

30, 2018.

      A. Defendant was aware of Plaintiff's disability.

      B. Plaintiff is a qualified individual with a disability:

          (i) he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;

          (ii) Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.

          (iii) he has a record of such impairment; and,

          (iv) he was regarded (perceived or otherwise) by Defendant as having such impairments.

17. Plaintiff's disabilities substantially affected the major life activities of concentration, mobility, lifting and bending.

18. Plaintiff had the ability to perform the essential functions of his position and did so without incident until he was constructively discharged by Defendant.

19. The interim chief at the time approved the light duty and Plaintiff returned to work.

20. Plaintiff worked full time shifts from 7 am – 4 pm Monday – Thursday.

21. Plaintiff performed these duties in an exemplary manner.

22. During Plaintiff's brief light duty assignment, Plaintiff was assigned to the CRA unit to assist them with anything they needed.

23. Plaintiff worked for them for approximately a month or so when the new intern chief stepped in and revoked Plaintiff's light duty status and sent him home.

24. Defendant did not request additional medical documentation, nor did it speak with Plaintiff's doctor regarding his medical condition or restrictions.

25. In mid-September 2018, a new interim chief was appointed.

26. This new chief terminated Plaintiff's light duty on September 19, 2018.

27. Plaintiff went back on FMLA at that time.

28. Since being removed from his light duty position, Plaintiff asked to be returned to this light position while he recovered from his surgery, Plaintiff's requests were denied.

29. During the time Plaintiff was requesting light duty, the new interim chief granted two other female officers light duty positions, both of whom continued to hold these positions for a substantial amount of time.

30. Defendant knew of Plaintiff's medical condition and refused to discuss an accommodation, but instead allowed two female officers to hold light duty positions.

31. Plaintiff was never advised to return to normal duty by any staff member within the City or the department.

32. After Plaintiff's light duty was rescinded by the new interim chief, Plaintiff sent a mass email within the department asking for any leave that could be donated to him.

33. Plaintiff was running out of leave and if he ran out of leave, he would not be paid.

34. Plaintiff was donated leave via numerous employees and these leave requests were passed up the chain of command to the new interim chief.

35. Since the interim chief rescinded Plaintiff's light duty assignment, the amount of leave that Plaintiff was donated would have given him ample time to recover properly and still receive a paycheck.

36. Defendant rejected Plaintiff's donated leave requests and still refused to allow him to work light duty.

37. Defendant's actions resulted in Plaintiff being out of leave and not receiving a paycheck.

38. As a result of Defendant's discriminatory actions, Plaintiff was forced out of Defendant's employment to seek another opportunity to earn money he could have earned had the Defendant not rescinded his light duty assignment.

FIRST CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

39. Plaintiff repeats and re-alleges each and every allegation contained in

paragraph 1 through 38 of this complaint with the same force and effect as if set forth herein.

40. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

41. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

42. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

43. Any possible assertion that there was a viable business justification for the Defendant's actions is entirely *pretextual* for Defendant's retaliation and discrimination against Plaintiff for any actual or perceived disability.

44. The adverse personnel action, the constructive termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with

Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

45.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory actions that lead to his constructive discharge from Defendant's employment.

46.   As a result of being wrongfully and unlawfully retaliatory actions that lead to Plaintiff's constructive discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress.

47.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

48.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

SECOND CAUSE OF ACTION
*(DISABILITY - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

49.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 38 of this complaint with the same force and effect as if set forth herein.

50.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

51.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

52.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

53.     Any possible assertion that there was a viable business justification for the Plaintiff's constructive termination is entirely *pretextual* for Defendant's

retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

54. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

55. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory actions that lead to his constructive discharge from Defendant's employment.

56. As a result of being wrongfully and unlawfully discriminatory actions that lead to Plaintiff's constructive discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress.

57.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

58.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

THIRD CAUSE OF ACTION
(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)

59.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 38 of this complaint with the same force and effect as if set forth herein.

60.     Defendant discriminated against Plaintiff on the basis of his disability in the terms, conditions, and privileges of Plaintiff's employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

61.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

62.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq.,

Florida Statutes, as the Defendant employed more than 15 employees.

63. Any possible assertion that there was a viable business justification for the Plaintiff's constructive termination is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

64. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

65. As a result of the Defendant's violations of the Florida Civil Rights Act, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory actions that lead to his constructive discharge from Defendant's employment.

66. As a result of being wrongfully and unlawfully discriminated against that lead to Plaintiff's constructive discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

67. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

68. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

FOURTH CAUSE OF ACTION
(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)

69. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 38 of this complaint with the same force and effect as if set forth herein.

70. This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

71. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

72. At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

73. Any possible assertion that there was a viable business justification for the Plaintiff's constructive termination is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

74. The adverse personnel action, the constructive termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the FCRA.

75. As a result of the Defendant's violations of the Florida Civil Rights Act, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory actions that lead to his constructive discharge from Defendant's employment.

76. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

77. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

78. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

FOURTH CAUSE OF ACTION
(*GENDER DISCRIMINATION – FEDERAL - TITLE VII*)

79. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38 of this complaint with the same force and effect as if set forth herein.

80. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his gender in violation of the Title VII.

81. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of the Defendant's discriminatory actions.

82. Plaintiff's forced resignation was in violation of the Title VII.

83. Plaintiff has retained the undersigned counsel to represent him in this litigation and has agreed to pay a reasonable fee for undersigned counsel's services. Pursuant to the Title VII, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

FIFTH CAUSE OF ACTION
(*GENDER DISCRIMINATION – STATE – Florida Civil Rights Act*)

84. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38 of this complaint with the same force and effect as if set forth herein.

85. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his gender in violation of the Florida Civil Rights Act.

86. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of the Defendant's discriminatory actions.

87. Plaintiff's forced resignation was in violation of the Florida Civil Rights Act.

88. Plaintiff has retained the undersigned counsel to represent him in this litigation and has agreed to pay a reasonable fee for undersigned counsel's services. Pursuant to the Florida Civil Rights Act, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are violation of the, ADA, ADAA, Title VII and FCRA;

  b) Enjoining and permanently restraining those violations of the ADAA, ADA, Title VII and FCRA;

  c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

  d) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

  e) Awarding Plaintiff liquidated damages;

  f) Awarding Plaintiff compensatory damages;

  g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

  h) Granting such other and further relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: June 9, 2020.     By: */s/ Clayton M. Connors*
     CLAYTON M. CONNORS
     Florida Bar No.: 0095553
     Email: cmc@westconlaw.com
     **WESTBERRY & CONNORS, LLC.**
     4400 Bayou Blvd., Suite 32A
     Pensacola, Florida 32503
     Tel: (850) 473-0401
     Fax: (850) 473-1388
     Attorney for Plaintiff